UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ELENA IRIZARRY | CIVIL ACTION |
|---|---|
| v. | NO. 17-0958 |
| KIARA S. LAWSON, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court are the parties' memoranda regarding subject matter jurisdiction. For the reasons that follow, the case is REMANDED for lack of subject matter jurisdiction.

**Background**

This personal injury case arises out of a seven-car motor vehicle accident.

On February 22, 2015, Bennie Selvage was driving a Nissan Altima in which Elena Irizarry was a passenger along Interstate 12, near the intersection of Interstate 55 in Tangipahoa Parish, Louisiana. Near this intersection, Kiara S. Lawson entered the highway, lost control of the vehicle, crossed over two lanes of traffic, and crashed into the traffic median barrier. Several vehicles avoided a collision, but Bradley Shultz's vehicle rear-ended the Selvage Nissan, causing the Nissan to collide with Ms. Lawson's vehicle against the median. Ms. Irizarry was pregnant at

1

the time of the accident. Among the severe physical injuries Ms. Irizarry sustained, she lost one of her unborn twins.

In February, 2016, Ms. Irizarry (a Louisiana resident) filed suit in the 21st Judicial District Court for the Parish of Tangipahoa, Louisiana, against Mr. Selvage (a Louisiana resident) and his auto insurance provider, Safeway Insurance Company of Louisiana (Safeway)(a Louisiana company); Ms. Lawson (a resident of Virginia) and her insurance provider, Northern Neck Insurance Company (a Virginia corporation); Mr. Shultz (a resident of Kentucky) and his auto insurance provider, Allstate Insurance Company (an Illinois corporation); Nissan North America, Inc. (incorporated in California and doing business in Tennessee); and Ms. Irizarry's uninsured motorist carrier, Safeway (a Louisiana company).[1]  Ms. Irizarry alleges that all drivers' negligence, as well as Nissan's defective airbag, caused her physical and mental injuries.

---

[1] The original complaint listed "Safeway Insurance Company," an Illinois corporation, as a defendant, not "Safeway Insurance Company of Louisiana." However, later filings clarified that the proper party was Safeway Insurance Company of Louisiana, who was timely served. Moreover, for purposes of determining citizenship for jurisdiction, an insurance carrier takes the citizenship of its insured. 28 U.S.C. §1332(c)(1)(A). Here, it is alleged that Safeway is a Louisiana company, and even if not, Safeway took Mr. Selvage's Louisiana citizenship.

On February 2, 2017, Nissan timely removed the lawsuit to this Court, invoking the Court's diversity jurisdiction and urging the Court to disregard the local citizenship of Mr. Selvage and his insurer on the basis of improper joinder. All defendants consented, except for the local defendants, Mr. Selvage and his insurer, Safeway.[2] Ms. Irizarry never moved to remand. Nor has any party ever contested the Court's removal jurisdiction. On March 10, 2017, a scheduling order issued, setting the final pretrial conference for November 16, 2017, and a jury trial for December 4, 2017. Notably, based on representations of counsel, the order states, "Jurisdiction and venue are established." On September 14, 2017, the defendants, including Mr. Selvage and Safeway, filed their witness and exhibit lists.

On August 31, 2017, defendants Bennie Selvage and Safeway filed a motion to dismiss for lack of subject matter jurisdiction. Yet the motion did not address whether the defendants were properly joined. In fact, the motion altogether ignored the doctrine of fraudulent joinder, contending that the Court must dismiss non-diverse defendants without prejudice regardless of whether they were improperly joined. On September 27, 2017, the Court denied

---

[2] In its capacity as Ms. Irizarry's uninsured motorist carrier, Safeway was dismissed on February 2, 2017. However, Safeway remained a defendant as Mr. Selvage's auto insurance carrier.

the motion and ordered all parties to brief subject matter jurisdiction.

With the exception of Nissan in its Notice of Removal, no defendant has endeavored to carry its burden to satisfy the Court that it has subject matter jurisdiction over this lawsuit.[3] Fortunately, the Court may raise the issue of its subject matter jurisdiction *sua sponte*. Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004); see also Davis v. Cassidy, Civil Action No. 11-1563, 2011 WL 6180054, at *1 (E.D. La. Dec. 13, 2011) ("Though the Court must remand to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal." (citing 28 U.S.C. § 1447(c); Doddy v. Oxy USA, Inc., 101 F.3d 448, 456 (5th Cir. 1996))). In response to the Court's order that all parties brief this Court's subject matter jurisdiction, the plaintiff now contends that this Court lacks subject matter jurisdiction because Mr. Selvage is an indispensable party under Federal Rule of Civil Procedure 19. All remaining defendants now urge the Court to disregard Mr. Selvage's and Safeway's local

---

[3] Meanwhile, Nissan was dismissed from the suit on September 1, 2017.

citizenship on the ground that Mr. Selvage was fraudulently joined to defeat diversity jurisdiction.

I.

A.

The removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). Remand is proper if at any time the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Given the significant federalism concerns implicated by removal, the removal statute is strictly construed "and any doubt about the propriety of removal must be resolved in favor of remand." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008)(citation omitted); Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281-82 (5th Cir. 2007)(citations omitted).

B.

Federal courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). A defendant may generally remove a civil action filed in state court if the federal court

has original jurisdiction over the case—that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). Suits not brought under federal law "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd., 818 F.3d 193, 199 (5th Cir. 2016)("when a properly joined defendant is a resident of the same state as the plaintiff, removal is improper."). For a defendant to invoke the Court's removal jurisdiction based on diversity, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied," including that the citizenship of every plaintiff is diverse from the citizenship of every defendant, and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; Smallwood v. Ill. Cent. R.R. Co., Inc., 385 F.3d 568, 572 (5th Cir. 2004)(en banc).

C.

"The fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity." Smallwood v. Ill. Cent. R.R. Co., 352 F.3d 220, 222 (5th Cir. 2003). "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." Smallwood,

6

385 F.3d at 574. "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." Id. at 573. The removing defendant may show improper joinder in one of two[4] ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id.

In determining whether a party was improperly joined, all contested factual issues and state law ambiguities are resolved in favor of the plaintiff. Gasch, 491 F.3d at 281. "A defendant is improperly joined if the moving party establishes that (1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is nondiverse." Int'l Energy Ventures Mgmt., LLC, 818 F.3d at 199

---

[4] Although not raised by the parties or formally adopted by the Fifth Circuit, other Sections of this Court recognize a third ground of fraudulent joinder called "fraudulent misjoinder" or "Tapscott severance." In re: Xarelto (Rivaroxaban) Products Liability Litigation, No. 16-1066, 2016 WL 4409555, at *4 (E.D. La. Aug. 19, 2016) (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353 (11th Cir. 1996)). Fraudulent misjoinder would likely fail here because a determination of liability involves overlapping legal and factual issues common to all defendants. Bienemy v. Continental Cas. Co., No. 09-6647, 2010 WL 375213, at *4-6 (E.D. La. Jan. 26, 2010).

7

(emphasis in original). Because Mr. Selvage and Safeway are nondiverse, to establish subject matter jurisdiction in this Court, the defendants have the burden of establishing that Ms. Irizarry has failed to state a claim against Mr. Selvage and Safeway. See id. at 207-08 ("because Smallwood requires us to use the Rule 12(b)(6)-type analysis, we have no choice but to apply the federal pleading standard embodied in that analysis."). In doing so, the defendants must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. at 199-200 (citing Smallwood, 385 F.3d at 573). The Court underscores that the possibility of recovery must be "reasonable," not merely theoretical. Smallwood, 385 F.3d at 573; Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)("If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder.")(internal quotation marks omitted).

II.

Ms. Irizarry contends that her lawsuit should be remanded to state court because Mr. Selvage, and so Safeway, are indispensable parties under Federal Rule of Civil Procedure 19. There is no dispute that Ms. Irizarry and Mr. Selvage share Louisiana citizenship. Suggesting that Mr. Selvage was improperly joined to defeat diversity jurisdiction, the defendants counter that the Court should disregard Mr. Selvage's citizenship and refuse to remand.[5] All parties' submissions miss the mark.

Although Ms. Irizarry insists that Mr. Selvage is an indispensable party, this argument lacks merit. In addition to the other drivers' and Nissan's alleged negligence, Ms. Irizarry alleges that Mr. Selvage caused or contributed to her injuries through negligent driving. As a potential joint tortfeasor who may share liability with the other defendants, Mr. Selvage is a permissive—not indispensable—party. See Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990) ("[A] tortfeasor with the usual 'joint-

---

[5] Mr. Selvage and Safeway do not contest removal and agree to being improperly joined, yet also contend that they should be dismissed without prejudice for merely being non-diverse parties, regardless of whether they are properly joined. This argument misconstrues the law. If joinder is proper, this Court should remand, which has the *effect* of a dismissal without prejudice. See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd., 818 F.3d 193, 199, 209 (5th Cir. 2016).

9

and-several' liability is merely a permissive party to an action against another with like liability. There is nothing in Louisiana tort law to the contrary." (internal quotations and citations omitted)). Nevertheless, a party need not be indispensable to be properly joined. The question under improper joinder is not whether the plaintiff must have joined the allegedly fraudulently joined party, but rather whether the plaintiff may have properly joined said party. See Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 533 (5th Cir. 2006) (citing Federal Rule of Civil Procedure 20 to define proper joinder).

The diverse defendants submit that the state court petition fails to allege any facts connecting Mr. Selvage to Ms. Irizarry's injuries such that there is no reasonable basis for this Court to consider that Ms. Irizarry might be able to recover against Mr. Selvage and Safeway. The defendants submit that Mr. Selvage and Safeway are improperly joined under Smallwood because Ms. Irizarry's abandoned her claims against Mr. Selvage through her deposition testimony, in which she stated that she believed Mr. Selvage was not at fault. The Court disagrees.

Given that the parties' arguments fail to assist the Court in determining its subject matter jurisdiction, the Court now addresses the relevant considerations of improper joinder. To determine whether Mr. Selvage and Safeway were improperly joined,

the Court must determine whether Ms. Irizarry has pleaded "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).[6] Ms. Irizarry particularly alleges that Mr. Selvage caused or contributed to her injures by failing to keep a lookout, failing to maintain control of the vehicle, and generally failing to maintain the standard of care in the driving conditions. Challenging the sufficiency of such allegations, the defendants submit that Ms. Irizarry's deposition testimony precludes her ability to bring a claim against Mr. Selvage and Safeway. In her deposition, Ms. Irizarry states that she does not believe Mr. Selvage did anything wrong or was at

---

[6] Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012)(en banc)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

fault, and that she is "not trying to get any money out of him." On the basis of these statements alone, defendants contend that Ms. Irizarry abandoned her claim against Mr. Selvage and Safeway.

On the contrary, the 12(b)(6) analysis looks to the basis *in fact* for plaintiff's claims—not to the plaintiff's subjective belief regarding a claim. See Campbell v. Stone Ins. Inc., 509 F.3d 665, 669, 672-73 (5th Cir. 2007) (holding improper joinder on the basis of peremption), Bourque v. Nan Ya Plastics Corp., America, 906 F. Supp. 348, 355 (M.D. La. Nov. 28, 1995) (holding improper joinder for failure to establish a breach of duty owed to plaintiff); cf. Williams v. Taylor, Civil Action No. 15-321, 2015 WL 2041172, at *3-4 (E.D. La. Apr. 30, 2015) (finding, with scant analysis, improper joinder when plaintiff admitted in a deposition that she was not aware of any way that defendant could have avoided the accident), amended in part by, 2015 WL 4755162 (Filed Aug. 11, 2015) (amending dismissal with prejudice to dismissal without prejudice). While Ms. Irizarry's testimony may be damaging to her case,[7] the facts of the accident, which, notably, no defendant contests, control Mr. Selvage's and Safeway's liability. Ms.

---

[7] Although Nissan additionally emphasized that Mr. Selvage's relationship as Ms. Irizarry's fiancé suggested improper joinder, no remaining defendant advances the argument. This Court does not find that their relationship compels a finding of improper joinder, particularly in light of plaintiff's claims against Mr. Selvage's insurer.

Irizarry timely alleged and continues to pursue her case alleging that Mr. Selvage's negligent driving (along with others' negligent driving) contributed to her injuries. Resolving all unchallenged allegations in favor of the plaintiff, Mr. Selvage was driving in a negligent manner that resulted, at minimum, in his comparative fault for Ms. Irizarry's injuries. See La. Civ. Code arts. 2315, 2323. This Court cannot conclude that there is no reasonable basis for Ms. Irizarry's claim.

The Court expresses no opinion on the merits of Ms. Irizarry's claim against Mr. Selvage or Safeway (or any of the defendants), but merely finds that no defendant has carried its heavy burden in showing that Ms. Irizarry has no reasonable possibility of recovery against Mr. Selvage or Safeway. Accordingly, mindful that doubts about the propriety of removal must be resolved in favor of remand, because this Court lacks subject matter jurisdiction, IT IS ORDERED that the case is hereby REMANDED to the 21st Judicial District Court for the Parish of Tangipahoa.

New Orleans, Louisiana, October 18, 2017

MARTIN L.C. FELDMAN
U.S. DISTRICT JUDGE